UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VINCENT NACCARI | CIVIL ACTION |
| VERSUS | NO. 06-9455 |
| STATE FARM FIRE AND CASUALTY COMPANY | SECTION: "C" (2) |

### ORDER AND REASONS

This matter comes before the Court on a motion for partial summary judgment filed by the defendant, State Farm Fire and Casualty Company ("State Farm") (Rec. Doc. 13). The plaintiff, Vincent Naccari, opposes the motion. Having considered the record, the memorandum and the law, the Court has determined that the motion should be GRANTED for the following reasons.

The plaintiff filed suit in state court for damages caused by Hurricane Katrina and allegedly due under his insurance policy with the State Farm. The defendant removed based on diversity jurisdiction. State Farm seeks an order from this Court that plaintiff's recovery under his homeowner's policy must be offset against the amount already received under his flood insurance policy. The plaintiff argues that he is not seeking double recovery because there are genuine issues of material fact as to whether the damages sought were due to wind or flood.

1

Additionally, the plaintiff argues that the value of his residence far exceeded the amount of his flood insurance, and thus, the amount he previously collected under his flood insurance policy did not fully compensate his loss. Finally, the plaintiff asserts that the collateral source rule applies to the facts of this case, such that the plaintiff's recovery under his homeowners policy should not be reduced by the amount received under the flood insurance policy.

Summary judgment is only proper when the record indicates that there is not a "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56. A genuine issue of fact exists only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc*. 477 U.S. 242, 247-48 (1986); *see also Taita Chem. Co. v. Westlake Styrene Corp*., 246 F.3d 377, 385 (5th Cir. 2001). When considering a motion for summary judgment, this Court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its initial burden, however, "the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995). In order to satisfy its burden, the non-moving party must put forth competent evidence and cannot rely on "unsubstantiated assertions" and "conclusory allegations." *See Hopper v. Frank*, 16 F.3d 92 (5th Cir.1994); *Lujan v. Nat'l. Wildlife Fed'n*.,

497 U.S. 871, 871-73 (1990); *Donaghey v. Ocean Drilling & Exploration Co.*, 974 F.2d 646, 649 (5th Cir. 1992).

In this case, the parties do not dispute the fact that the plaintiff has received at least $250,000 from State Farm under his flood insurance policy. Additionally, the parties do not dispute that the plaintiff has received at least $60,932.95 in compensation under his homeowner's policy. This Court has already ruled that flood insurance recovery must be offset against any homeowners recovery because insurance policies are contracts of indemnity. *See e.g., Glaser v. State Farm Fire & Casualty Co.*, 2007 WL 1228794 (E.D.La.).[1]

Under Louisiana law, it is well settled that a policy owner "may recover under all available coverages provided that there is no double recovery." *Boudoin v. State Farm Ins. Companies*, 2007 WL 2066853 at *4 (July 13, 2007) (quoting *Cole v. Celotex Corp.*, 599 So.2d 1058, 1080 (La. 1984) (internal quotations omitted). Indeed, plaintiffs are not allowed to obtain a double recovery by recharacterizing as wind damage those losses for which they have already been compensated by previously attributing them to flood water. *Id.* Yet, "a plaintiff whose property sustains damage from flood and from wind can clearly recover for his segregable wind and flood damages except to the extent that he seeks to recover twice for the same loss." *Id.* In the event plaintiff can establish that he sustained wind damage, which was covered under his homeowner's policy and not covered or paid under his flood policy, an issue which is not presently before the Court, he would be entitled to additional indemnity.

---

[1] The Court recognizes the apparent inequity in paying separate premiums for flood coverage and wind coverage and yet receiving what amounts to shared recovery under circumstances such as those presented in this case. That is an anomaly created by the fact that homeowners' policies do not usually cover flood loss and, to be sure of the coverage for all contingencies, both policies are needed. Katrina was unusual in the breadth of damage caused.

Additionally, the plaintiff has failed to support his contention that the collateral source doctrine applies to insurance recovery cases with any controlling case law. Accordingly, this Court declines to address this bare assertion. Furthermore, both the homeowner's and flood insurance policies were purchased from State Farm. Thus, this Court is not convinced that one of the policies could even be considered a "collateral source." *See McLean v. Runyon*, 222 F.3d 1150, 1156 (9th Cir. 2000) (noting that the collateral source rule does not apply when the benefit is derived from the defendant himself). Consequently, the plaintiffs has failed to produce evidence or designate specific facts showing a genuine issue for trial regarding the offset of the payments under the flood policy.

Accordingly,

IT IS ORDERED that the motion for partial summary judgment is **GRANTED** (Rec. Doc. 13).

New Orleans, Louisiana, this 10th day of December, 2007.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE