UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **VINCENT NACCARI** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-9455** |
| **STATE FARM FIRE AND CASUALTY COMPANY** | **SECTION: "C" (2)** |

## ORDER AND REASONS

This matter comes before the Court on a motion to strike Plaintiff's witnesses filed by the defendant, State Farm Fire and Casualty Company ("State Farm") (Rec. Doc. 26). The plaintiff, Vincent Naccari, has not filed any opposition to the motion. Having considered the record, the memorandum and the law, the Court has determined that the motion should be GRANTED for the following reasons.

The plaintiff filed suit in state court for damages caused by Hurricane Katrina and allegedly due under his insurance policy with the State Farm. The defendant removed based on diversity jurisdiction. State Farm filed a motion to strike expert witnesses in an effort to enforce the previously issued Scheduling Order (Rec. Doc. 8). The Scheduling Order required Plaintiff to provide the written reports of his experts to State Farm by November 23, 2007. State Farm's motion to strike notes that no such reports were disclosed. Additionally, State Farm asserts that Plaintiff is in violation of Federal Rule of Civil Procedure 26(a)(2)(B), which states that the

1

identification of experts shall "be accompanied by a written report prepared and signed by the witness." Fed.R.Civ.P. 26(a)(2)(B). Finally, State Farm asserts that this Court has the authority under Rules 16 and 37 to preserve the integrity of the pre-trial order by excluding the witnesses from testifying at trial. Indeed, State Farm relies on *Geiserman v. MacDonald*, 893 F.2d 787 (5th Cir. 1990) for the proposition that excluding evidence is proper when a party fails to meet deadlines plainly set out in a pre-trial order.

In *Geiserman*, the Fifth Circuit noted that "a trial court's decision to exclude evidence as a means of enforcing a pretrial order must not be disturbed absent a clear abuse of discretion." *Geiserman*, 893 F.2d at 790 (internal quotations omitted). Additionally, *Geiserman* notes that the Fifth Circuit gives "trial court broad discretion to preserve the integrity and purpose of the pretrial order." *Id.* (internal quotations omitted). In this case, Plaintiff has not supplied written expert reports as required by Rule 26 and the Court's Scheduling Order, and does not oppose the granting of this motion. On these grounds, and in light of the approaching trial date, the Court finds that the challenged experts should be excluded from testifying to prevent the possibility of prejudice to State Farm.

Accordingly,

IT IS ORDERED that the motion to strike is **GRANTED** (Rec. Doc. 26).

New Orleans, Louisiana, this 17th day of January, 2008.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE